UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   No. 2:19-cr-222-GZS |
| | ) |
| JEREMY HUGH ROGERS | ) |
| Defendant | ) |

### GOVERNMENT'S SENTENCING MEMORANDUM ON AN ENHANCEMENT UNDER SENTENCING GUIDELINE § 2K2.1(b)(6)(B)

The United States of America, by and through its attorneys, Halsey B. Frank, United States Attorney for the District of Maine, and Christopher Hill, Assistant United States Attorney, hereby submits the following sentencing memorandum on the issue of an enhancement under Sentencing Guidelines § 2K2.1(b)(6)(B).   For the reasons outlined below, the Government contends that the Presentence Report correctly applied the 4-level enhancement for the defendant's use and possession of a firearm in connection with another felony offense.

**Defendant's other felony offenses committed in connection with firearm possession**

On August 21, 2019, local authorities received a complaint that the defendant had earlier sent threatening videos, insinuating that he was going to commit a shooting at a Walmart.   Law enforcement officers in Maine viewed the video, and seeing it as a credible threat, effected the early closure at 9:00 pm of the Walmart in Thomaston, which was the closest Walmart to defendant's last known address, The defendant was thereafter arrested and charged in Knox County with Terrorizing under 17-A M.R.S.A. § 210(1)(A) and Terrorizing with a dangerous weapon under 17-A M.R.S.A. § 210(1)(B).   According to the Knox County ADA prosecuting that case, the defendant is scheduled to plead guilty to one of those two counts on the afternoon of November 19, 2020, after his scheduled sentencing in this matter.   While there is an

agreement between the Knox County DA's office and the defendant to plead guilty to one of the counts, there is no agreement as to which count he will plead guilty to.

**Relevant statutory and sentencing provisions**

Section 2K2.1(b)(6)(B) provides for a 4 level increase if a defendant:

"Used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."

Comment 14(A) to Section 2K2.1 provides that subsection (b)(6)(B) applies "if the firearm or ammunition facilitated or had the potential of facilitating, another felony offense."   It does not require (as subsection (c)(1) does), that the firearm or ammunition be cited in the offense of conviction.

Comment 14(C) defines "Another Felony Offense" as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained."

Comment 14(E) provides that "in determining whether subsection[] (b)(6)(B) appl[ies], the court must consider the relationship between the instant offense and the other offense, consistent with relevant conduct principles" as described in Section 1B1.3(a)(1)-(4) and the accompanying commentary.

Comment 14(E) also requires that the Court consider whether the firearm used in the other offense was cited in the offense of conviction.

Defendant is charged in Maine with Terrorizing under 17-A M.R.S.A. § 210(1)(A) and Terrorizing with a dangerous weapon under 17-A MRS § 210(1)(B).   Subsection (A) is a class

D crime and subsection (B) is a class C crime.   Pursuant to 17-A M.R.S.A. 1604(1), Class D crimes are punishable in Maine by up to 1 year in jail, and Class C crimes are punishable by up to 5 years in jail, However, pursuant to 17-A M.R.S.A. 1604(5), "If the State pleads and proves that a Class B, C, D or E crime was committed with the use of a dangerous weapon, then the sentencing class for such crime is one class higher than it would otherwise be," thus elevating a class C crime to a class B crime and a class D crime to a class C crime.   Class B crimes are punishable by 10 years in jail, and, to reiterate, class C crimes are punishable by 5 years in jail.

**Argument**

One of the weapons defendant is charged with possessing, in the instant indictment, is a Stag Arms model AR-15, the weapon he is seen holding when he insinuates a threat to commit a shooting at Walmart.   That same weapon, and that same video form the basis of the local charge.   It is the possession of that weapon in the video, together with the threat, that would cause a person to fear injury and cause evacuation of a building.   The conduct covered by the instant indictment is thus part and parcel of the offenses committed and charged locally in Knox County.   Thus, 2K2.1(b)(6)(B) is satisfied, and the 4-level enhancement is appropriately applied.

WHEREFORE, the Govermnent submits that the 2K2.1(b)(6)(B) enhancement, as identified in the presentence report, is appropriately applied in the defendant's guideline calculation.

Dated at Portland, Maine, this 9th day of November, 2020.

>Respectfully submitted,
>
>Halsey B. Frank
>United States Attorney
>
>/s/ Christopher Hill

3

Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 9, 2020, I caused the filing of the foregoing Sentencing Memorandum on an Enhancement Under Sentencing Guideline Section 2K2.1(b)(6)(B) with the Clerk of Court, which sent such notice to the following, pursuant to the Court's ECF system.

    James M. Mason
    james@handelmanmason.com

                                      /s/ Christopher Hill
                                      Assistant U.S. Attorney
                                      U.S. Attorney's Office
                                      100 Middle Street
                                      Portland, Maine 04101
                                      (207) 771-3275
                                      christopher.hill@usdoj.gov